Curia, fer Richardson, J.
The fraud ofDaniel English, the defendant, was well proved. R. McKinney, the maker of the single bill, had clearly and fully paid it by the receipt by English of that much money belonging to R. McKinney, and according to their agreement that such money should be so applied. This English repeatedly acknowledged, and stated that the single bill was to be given up to McKinney. But he assigned it to the plaintiff, Henry Spikes, for valuable consideration. Afterwards Henry Spikes endorsed it to Williams & White, also for valuable consideration, and endorsed it to them — waiving Spikes to require that a demand should be made upon the maker, McKinney, and of notice to Spikes.
After McKinney’s death, Williams & White brought suit against his executors, upon which suit a verdict was given for the defendants. This suit was brought in the name of Daniel English, the payee, for the use of Williams & W'hite, and the costs of suit were paid by English. Thus it appears plainly, that the bill had been paid by McKinney before English transferred it to Spikes, and he, English, knew of that, payment. English was, therefore, bound to refund to Spikes the money he had received, for the transfer of the bill, and any damage Spikes may have received by reason of so fraudulent an assignment.
The only question remaining is, whether Spikes had, strictly speaking, any right of action. But can there be a rational doubt of his right of action? He had endorsed the bill to Williams & White for a full consideration, and was liable to them upon such endorsement for the full amount of the bill.
It was clear, then, that Spikes, having the bill in possession, had either recompensed Williams & White, or had in some way reassumed his right to the bill. Prima fade, at least, we must so conclude.
As to the amount of damages, in this action for a deceit, the *38 jury might well give the full amount of the bill and interest, as it appears they have done — as the measure of the damages.
I apprehend they were at liberty to give even more than this aggregate sum, to compensate Spikes and punish so palpable a fraud.
This exposition of the case answers and covers all the ground taken for a new trial, — and the motion is therefore unanimously dismissed.
The whole Court concurred.

Motion refused.